Although I agree with the majority in this matter that N.C. Gen. Stat. 97-30 has no exception which allows for the tolling of the 300-week period, I must respectfully dissent regarding their determination of the "date of injury from which the 300-week period runs.
This case involves an occupational disease rather than an injury by some specific accident; thus, there is question of when the 300-week period commences in cases of occupational disease. The Supreme Court, in Caudler v. Mills, 314 N.C. 70, 331 S.E.2d 646
(1985), addressed this issue and stated that an occupational disease does not become compensable under N.C. Gen. Stat. 97-29 or under this section, N.C. Gen. Stat. 97-30, until it causes incapacity for work. This incapacity is the basic "loss for which the worker receives compensation under these statutes and should likewise be the "date of injury. In the case at hand, plaintiff was incapacitated and disabled from work for a month after the date she contracted the disease, namely May 27, 1993. Thereafter, during the next year and one-half when she continued her employment with defendant-employer, she missed an additional period of two weeks. Moreover, although plaintiff may have worked at full salary because of defendant-employers salary continuation plan during the period between June 26, 1993 and November 4, 1994, she was nevertheless disabled as she was removed from her regular duty and accommodations were made to place her in an office where she would no longer be exposed to the offending chemicals. It has long been established that salary alone is not necessarily indicative of wage earning capacity or disability.
While it is true that plaintiff may have been diagnosed by competent medical authority on April 6, 1994, there is no reason to label the diagnosis as the "date of injury when the date of disability occurred almost one year earlier and constitutes the "date of injury for purposes of the statute. In fact, N.C. Gen. Stat. 97-2(9) is clear that disability is the incapacity to earn wages. In effect, the majority "tolls the statute by redefining the "date of injury. I respectfully dissent and would affirm the holding of the Deputy Commissioner.
 S/_______________ DIANNE C. SELLERS COMMISSIONER